## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| JEFFREY WASS, individually and on behalf of a class of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NPC INTERNATIONAL, INC.,<br><br>Defendant.<br><br>Serve: James Schwartz<br>Registered Agent for Defendant<br>NPC International, Inc.<br>720 W 20th Street<br>Pittsburg, KS 66762 | Case No. 09-CV-2254 JWL/KGS<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff Jeffrey Wass, individually and on behalf of all others similarly situated, for his Complaint against Defendant NPC International, Inc. ("NPC" or "Defendant") hereby states and alleges as follows:

1.  NPC is the largest Pizza Hut franchisee in the world, currently operating approximately 1,161 Pizza Hut restaurants in 28 states, including Kansas. NPC's policy and practice is to fail to reimburse its delivery drivers for their automobile and other job-related expenses, resulting in the delivery drivers being paid less than the federal minimum wage. NPC's failure to pay its employees federal minimum wage violates the Fair Labor Standards Act ("FLSA").

2.  Plaintiff, and all other similarly situated employees, work or previously worked as delivery drivers at various NPC franchises located in 28 states, including in Kansas. This lawsuit is brought as a collective action under the FLSA to recover unpaid wages owed to Plaintiff and all other similarly situated workers employed by Defendant in 28 states.

**JURISDICTION AND VENUE**

3.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions.  Jurisdiction over Plaintiff's FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because Defendant resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

**PARTIES**

5.      NPC, which is the "largest Pizza Hut franchisee in the world," is a Kansas corporation with its principal executive office in Overland Park, Kansas.  NPC has been serving "America's favorite pizza" for over 40 years and reported total sales of $689,689,000 in 2008. http://www.npcinternational.com.

6.      Plaintiff Jeffrey Wass was formerly employed by Defendant as a delivery driver in its Muscle Shoals, Alabama location from approximately 2005 to December, 2007.  Plaintiff's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

**FACTS**

7.      NPC owns and operates approximately 1,161 Pizza Hut restaurants in numerous states across the country, including: Alabama, Arkansas, Colorado, Delaware, Florida, Georgia, Idaho, Illinois, Indiana, Iowa,  Kansas, Kentucky, Louisiana, Maryland, Minnesota, Mississippi, Missouri, North Carolina, North Dakota, Oklahoma, Oregon, South Carolina, South Dakota, Tennessee, Texas, Virginia, Washington, and West Virginia.

8.      The primary function of these Pizza Hut restaurants is to sell pizza and other food items to customers, whether they dine in the restaurants, carry out the food or have it delivered.

2

9.      Each of Defendant's Pizza Hut restaurants employs delivery drivers who are primarily responsible for delivering pizzas and other food items to customers' homes or workplaces.

10.     Plaintiff, and all other similarly situated persons, are current and former delivery drivers employed by Defendant in 28 states.

11.     All delivery drivers employed by Defendant over the last three years had essentially the same job duties – to deliver pizza and other food items to customers' homes and workplaces.

12.     Defendant requires the delivery drivers to maintain and pay for operable, safe and legally-compliant automobiles to use in delivering Defendant's pizza and other food items.

13.     In addition, Defendant requires the delivery drivers to incur other job-related expenses in delivering Defendant's pizza and other food items.

14.     Pursuant to such requirements, delivery drivers purchase gasoline, vehicle parts and fluids, automobile repair and maintenance services, and automobile insurance, and suffer automobile depreciation ("automobile expenses"), all for the primary benefit of Defendant. Additionally, they purchase other items including, but not limited to, a cellular telephone and cellular telephone services, uniform items including pants and shoes, dry cleaning and laundering services, and maps, flashlights and batteries ("job-related expenses), again all for the primary benefit of Defendant.

15.     Defendant paid Plaintiff and other delivery drivers an hourly wage of approximately the federal minimum wage plus a set amount for each delivery as a partial reimbursement for automobile expenses.

16.     The amount paid by NPC per delivery for automobile expenses was and is insufficient to reimburse delivery drivers for the actual automobile expenses incurred in

delivering Defendant's pizza and other food items. Further, NPC wholly failed and fails to reimburse delivery drivers for their other job-related expenses incurred for the purpose of delivering Defendant's pizza and other food items.

17.    By incurring the automobile and other job-related expenses, Plaintiff and other NPC delivery drivers were deprived of the minimum wage guaranteed by the FLSA.

18.    Upon information and belief, Defendant is adhering to the same policy and practice with respect to all delivery drivers at all of its other Pizza Hut restaurants nationwide.

19.    The net effect of Defendant's policy and practice, instituted and approved by company managers, is that NPC willfully fails to pay minimum wage in order to save payroll costs. Defendant thereby enjoys ill-gained profits at the expense of its employees.

## COLLECTIVE ACTION ALLEGATIONS

20.    Plaintiff brings this lawsuit against Defendant as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

21.    The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

22.    Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to pay employees minimum wage. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from the records of Defendant, and potential class members may easily and quickly be notified of the pendency of this action

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938
### (Brought Against NPC by Plaintiffs Individually and
### on Behalf of All Others Similarly Situated)

23.    Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 - 23.

24.    At all relevant times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

25.    The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a); 29 U.S.C. § 207(a)(1).

26.    Defendant is subject to the minimum wage requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

27.    Pursuant to Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees are entitled to be compensated at a rate of $5.15 per hour before July 24, 2007, $5.85 per hour from July 24, 2007 through July 24, 2008, and $6.55 per hour since July 24, 2008.

28.    Defendant, pursuant to its policy and practice, violated the FLSA by refusing and failing to pay Plaintiff and other similarly situated employees minimum wage.

29.    Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from minimum wage obligations.  None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

30.    Plaintiff and all similarly situated employees are victims of a uniform and employer-based compensation policy.  Upon information and belief, this uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendant's Pizza Hut restaurants in 28 states.

31.    Plaintiff and all similarly situated employees are entitled to damages equal to the difference between the minimum wage and actual wages received after deduction for automobile and other job-related expenses within the three years preceding the filing of this Complaint, plus

periods of equitable tolling, because Defendant acted willfully and knew, or showed reckless disregard of whether its conduct was prohibited by the FLSA.

32.     Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage described pursuant to Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b).  Alternatively, should the Court find Defendant did not act willfully in failing to pay minimum wage, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

33.     As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees.  Accordingly, Defendant is liable pursuant to 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and all similarly situated employees demand judgment against Defendant and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place for trial.

Dated: May 13, 2009

Respectfully submitted,

**STUEVE SIEGEL HANSON LLP**
 /s/ George A. Hanson
George A. Hanson (KS #16805)
Jack D. McInnes (KS #21898)
460 Nichols Road, Suite 200
Kansas City, Missouri  64112
Telephone:     (816) 714-7100
Facsimile:     (816) 714-7101

and

**WEINHAUS & POTASHNICK**
Mark A. Potashnick
(*pro hac* application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri  63141
Telephone:     (314) 997-9150
Facsimile:     (314) 997-9170

**ATTORNEYS FOR PLAINTIFF**

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b)

**I HEREBY CONSENT** to be a party plaintiff in the foregoing action seeking unpaid wages against NPC International, Inc.

Date: 5 -11- 2009

Printed Name: Jeffrey Wass

EXHIBIT A