IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JEFFREY WASS and MARK SMITH, individually and on behalf of a class of others similarly situated, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 09-2254-JWL |
| | ) | |
| NPC INTERNATIONAL, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

## MEMORANDUM AND ORDER

Plaintiffs are or were pizza delivery drivers employed by defendant, who owns Pizza Hut restaurants in various states. Plaintiffs allege that defendant failed to reimburse them sufficiently for vehicle-related expenses and failed to reimburse them at all for other expenses; and that defendant therefore failed to pay them the applicable minimum wage under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Count I) and Colorado state law (Count II). Plaintiffs also allege that defendant violated Colorado law by failing to pay certain expenses relating to uniforms (Count III). With respect to their FLSA claim, plaintiffs seek to bring a collective action on behalf of all similarly-situated drivers employed by defendant throughout the United States; with respect to their claims under Colorado law, plaintiffs seek to bring a class action on behalf of drivers employed by defendant in that state. Plaintiffs assert both supplemental

and diversity jurisdiction with respect to the state-law claims.

This matter is presently before the Court on defendant's motions for judgment on the pleadings (Doc. ## 51, 69) on Counts I and II of plaintiffs' amended complaint. Specifically, defendant argues that plaintiffs may not base their claim relating to vehicle expenses on a failure to pay actual expenses incurred by plaintiffs because defendant may reasonably approximate such expenses. Defendant further argues that plaintiffs have not pleaded the specific amounts of their wages, their reimbursements, and their expenses, and thus have not pleaded sufficient facts to state a plausible claim for relief under the standards set forth by the Supreme Court in *Bell Atlantic v. Twombly*.

As more fully set forth below, the Court **grants** the motions. The Court concludes that under the applicable federal regulations, defendant may reasonably approximate plaintiffs' vehicle expenses in reimbursing them. Thus, because plaintiffs have alleged only defendant's failure to pay their actual expenses and not defendant's failure to approximate those expenses reasonably, plaintiffs have not sufficiently stated a claim for a minimum wage violation under the FLSA based on vehicle expense reimbursements. Moreover, the Court concludes that plaintiffs are required under *Twombly* to allege more specific facts concerning their minimum wage claims. Accordingly, Counts I and II of plaintiffs' amended complaint are subject to dismissal. Plaintiffs are granted leave to amend their complaint again, however, on or before **March 22, 2010**, to cure these pleading deficiencies.

2

## I.     Applicable Standards for Motions for Judgment on the Pleadings

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is analyzed under the same standard that applies to a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  *See Park Univ. Enterprises, Inc. v. American Cas. Co.*, 442 F.3d 1239, 1244 (10th Cir. 2006).  The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do.  *See Bell Atlantic*, 550 U.S. at 555.  The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006).  Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, 550 U.S. at 555.  The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).


## II.     Reasonable Approximation of Vehicle Expenses

3

In Counts I and II of their amended complaint, plaintiff delivery drivers allege that defendant, as a matter of policy and practice, failed to reimburse them for their vehicle and other job-related expenses, with the result that they were paid less than minimum wage under federal and Colorado state law.  According to the complaint, plaintiffs were required to maintain and pay for operable, safe, and legally-compliant vehicles, and they therefore incurred vehicle-related expenses for the primary benefit of defendant, including gasoline, parts and fluids, repair and maintenance services, insurance, and depreciation. Defendant paid plaintiffs "an hourly wage of approximately the applicable federal or state minimum wage plus a set amount for each delivery as partial reimbursement for automobile expenses."  Plaintiffs allege that the per-delivery amount was "insufficient to reimburse delivery drivers for the automobile expenses incurred" in delivering food for defendant.  Plaintiffs therefore allege that defendant failed to pay them the minimum wage mandated by federal and Colorado state law, and they seek actual damages in an amount "equal to the difference between the minimum wage and actual wages received after deduction" for their vehicle and other job-related expenses.

Thus, plaintiffs allege that defendant failed to reimburse them fully for their *actual* vehicle expenses, and that that deficiency, together with the amount of other job-related expenses that defendant did not reimburse, brought their wages below the applicable minimum wage under the FLSA and Colorado state law.  Defendant argues that plaintiffs cannot pursue such a theory because, for purposes of the minimum wage

4

provisions, it may pay a reasonable approximation of vehicle expenses as reimbursement for those expenses, instead of being required to pay the amount of actual expenses incurred.  Plaintiffs dispute that defendant may pay a reasonably approximate amount for vehicle expenses.

The text of the FLSA's minimum wage provisions does not aid in resolving this question.  Under the statute, an employer is required to pay "wages" at particular minimum rates.  *See* 29 U.S.C. § 206(a).  "Wages" is defined to include the reasonable cost to the employer of furnishing "board, lodging, or other facilities" if customarily furnished to employees, *see id.* § 203(m), but the statute does not address an employer's reimbursement of expenses.

The Court thus turns to the interpretive regulations propounded by the federal Department of Labor concerning the payment of "wages" under the FLSA, which may be found at Part 531 of Title 29 of the Code of Federal Regulations.  *See* 29 C.F.R. § 531.2 (scope of Part 531 includes interpretation of the FLSA definition of "wages" in Section 203(m)); *see also Spradling v. City of Tulsa, Okla.*, 95 F.3d 1492, 1495 (10th Cir. 1996) ("Generally, DOL regulations are entitled to judicial deference, and are the primary source of guidance for determining the scope and extent of exemptions to the FLSA.").  Section 531.35 of the regulations provides as follows:

> Whether in cash or in facilities, "wages" cannot be considered to have been paid by the employer and received by the employee unless they are paid finally and unconditionally or "free and clear."  The wage requirements of the Act will not be met where the employee "kicks-back" directly or indirectly to the employer or to another person for the

5

employer's benefit the whole or part of the wage delivered to the employee. This is true whether the "kick-back" is made in cash or in other than cash. For example, if it is a requirement of the employer that the employee must provide tools of the trade which will be used in or are specifically required for the performance of the employer's particular work, there would be a violation of the Act in any workweek when the cost of such tools purchased by the employee cuts into the minimum or overtime wages required to be paid him under the Act. See also in this connection, § 531.32(c).

29 C.F.R. § 531.35.

Section 531.32(c), to which the quoted section refers, notes that under Section 531.3(d), the cost of furnishing facilities that are primarily for the benefit or convenience of the employer will not be recognized as reasonable and therefore will not be included in computing "wages". *See id.* § 531.32(c). The regulation then provides additional examples of items that have been held to be primarily for the benefit or convenience of the employer, including "transportation charges where such transportation is an incident of and necessary to the employment." *See id.* The final sentence of Section 531.32(c) provides: "For a discussion of reimbursement for expenses such as 'supper money,' 'travel expenses,' etc., see § 778.217 of this chapter." *Id.*

Finally, Section 778.217, which relates to the effect of expense reimbursement on an employee's "regular rate" of pay for purposes of the FLSA's overtime provisions, states the following general rule:

(a)   *General rule*.   Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section 7(e)(2) [which provides that employee's regular rate does not include travel or other expenses incurred in furtherance of the employer's interest] is applicable

6

> to reimbursement for such expenses.  Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred).  Such payment is not compensation for services rendered by the employees during any hours worked in the workweek.

*Id.* § 778.217(a).  Section 778.217 then provides a list—one "intended to be illustrative rather than exhaustive"—of types of expenses for which reimbursement will not be regarded as part of the employee's regular rate, including the following examples:

> (3)  The actual or reasonably approximate amount expended by an employee, who is traveling "over the road" on his employer's business, for transportation (whether by private car or common carrier) and living expenses away from home, other travel expenses, such as taxicab fares, incurred while traveling on the employer's business.
>
> . . .
>
> (5)  The actual or reasonably approximate amount expended by an employee as temporary excess home-to-work travel expenses incurred (i) because the employer has moved the plant to another town before the employee has had an opportunity to find living quarters at the new location or (ii) because the employee, on a particular occasion, is required to report for work at a place other than his regular workplace.

*Id.* § 778.217(b).  This regulation further provides:

> It should be noted that only the actual or reasonably approximate amount of the expense is excludable from the regular rate.  If the amount paid as "reimbursement" is disproportionately large, the excess amount will be included in the regular rate.

*Id.* § 778.217(c).

Thus, under Section 778.217 of the regulations, an employer may reasonably approximate the amount of expenses in reimbursing an employee for expenses incurred for the benefit of the employer, without affecting the employee's rate of pay for purposes

7

of calculating overtime pay.  Section 531.35, which is applicable to the present case involving minimum wages, specifically incorporates Section 531.32(c), which in turn incorporates Section 778.217's treatment of "travel expenses."  Accordingly, the Court concludes that the applicable regulations also permit an employer to approximate reasonably the amount of an employee's vehicle expenses without affecting the amount of the employee's wages for purposes of the federal minimum wage law.[1]

Neither party has been able to cite to a case that directly addresses the application of the "reasonable approximation" standard to reimbursement of expenses for purposes of a minimum wage claim.  Plaintiffs note that in *Luiken v. Domino's Pizza, LLC*, 654 F. Supp. 2d 973 (D. Minn. 2009), the district court denied a motion to dismiss in a similar case by delivery drivers against Domino's Pizza.  In *Luiken*, however, the court did not address this issue of actual-versus-approximate vehicle expenses, instead only

---

[1]Plaintiffs argue that their vehicle expenses technically do not fall within the particular types of "travel expenses" listed in Section 778.217(b).  That point is irrelevant, as the regulation clearly provides that the list is not intended to be exhaustive. *See* 29 C.F.R. § 778.217(b).  The regulation provides generally that an employer may reasonably approximate expenses incurred for the benefit of the employer; Section 531.32(c) refers to Section 778.217's discussion of "travel expenses" generally; and there is no dispute that plaintiffs' vehicle expenses incurred in delivering pizzas were incurred for defendant's benefit.  It is clear that, under Section 778.217, defendant would be permitted to approximate reasonably these plaintiffs' vehicle expenses for purposes of calculating plaintiffs' overtime pay; therefore, by the incorporation of that regulation into Section 531.35, defendant may also approximate reasonably those same expenses for purposes of paying plaintiffs the legal minimum wage.  Moreover, in light of that incorporation by reference, the Court rejects plaintiffs' argument that the Department of Labor would have included a "reasonable approximation" standard within Section 531.35 itself if it intended that such a standard apply for purposes of the minimum wage.

discussing whether those plaintiffs were required to plead that the defendant had notice that reimbursement payments were insufficient.  *See id.* at 977-78.  Plaintiffs also cite to *Recinos-Recinos v. Express Forestry, Inc.*, 2008 WL 4449973 (E.D. La. Sept. 26, 2008), in which the court, in modifying a magistrate judge's report and recommendation, ruled that an employer's one-time transportation costs to an employee must account for the actual cost to the employee and that such reimbursements could not be "generalized, flat amounts for all employees coming from a particular country."  *See id.* at *1.  In that case, however, the "flat" payment represented the amount reimbursed for only the portion of the travel expenses incurred for the airplane flight from that country to the United States, and failed to include individualized amounts for travel from home villages to the airport.  *See id.* at *5.  Thus, there was no issue of approximation and no discussion of Section 778.217 of the regulations, and therefore this case is not helpful.

Plaintiffs also rely on the general rule that FLSA exemptions should be construed narrowly in favor of employees.  *See Archuleta v. Wal-Mart Stores, Inc.*, 543 F.3d 1226, 1233 (10th Cir. 2008).  In this case, however, the applicable regulations permit the reasonable approximation of expenses by employers, and plaintiffs do not argue that the regulations should not be followed here.  Nor have plaintiffs offered any reasons why expenses should be treated differently for purposes of the minimum wage than they should be for purposes of overtime.  *See, e.g.*, *Donovan v. KFC Servs., Inc.*, 547 F. Supp. 503 (E.D.N.Y. 1982) (Congress and the Department of Labor intended that the term "wages" have the same definition for purposes of the Equal Pay Act as for purposes of

9

the FLSA's overtime and minimum wage provisions).[2]

Finally, in their briefs, the parties have discussed whether defendant must or should use an IRS-approved rate for its reimbursement of vehicle expenses. Because plaintiffs have not referred to any IRS rate in the complaint, but instead have pleaded a violation based on a failure to pay actual expenses incurred, the Court does not address this issue.

Based on the applicable regulations, the Court concludes that defendant was entitled to reimburse plaintiffs for their vehicle expenses by reasonably approximating those expenses, without affecting the amount of plaintiffs' wages for purposes of applying the FLSA's minimum wage provisions. Plaintiffs have pleaded that their basic pay rate was at least at the legal minimum, and they have not pleaded that defendant's reimbursements did not reasonably approximate their vehicle expenses. Therefore, plaintiffs have not stated a plausible claim for a violation of the FLSA minimum wage provisions based on reimbursement of vehicle expenses. Thus, the Court grants defendant's first motion for judgment on the pleadings to that extent. The Court grants plaintiffs leave, however, to file another amended complaint, on or before March 22, 2010, to attempt to cure that pleading deficiency. If plaintiffs do not amend those

_____

[2]Moreover, in this context, given the practical difficulties inherent in reimbursing an employee for his actual vehicle expenses incurred that relate only to his driving that vehicle for his employment (including having to apportion expenses for depreciation, maintenance, and insurance), the regulations permitting a reasonable approximation by the employer make sense.

allegations, the Court will then dismiss the FLSA claim to the extent based on reimbursement for vehicle expenses.[3]

### III.   Sufficiency of Facts Pleaded in Support of Minimum Wage Claims

Defendant also seeks dismissal of plaintiffs' minimum wage claims under federal and Colorado law on the basis that plaintiffs have not pleaded sufficient facts under *Twombly* to support a plausible claim for a violation.  In support of that argument, defendant notes that although plaintiffs have pleaded the applicable minimum wage rates under federal and Colorado law for different time periods, they have not alleged the specific amounts of their vehicle expense reimbursements from defendant, their actual vehicle and other job-related expenses, or even their pay rates.  Defendant thus argues that plaintiffs have only conclusorily alleged that insufficient expense reimbursements brought their hourly rates below the legal minimums, without alleging supporting facts sufficient to give rise to a plausible claim for a violation.

The Court agrees that plaintiffs have not pleaded sufficient facts to support their

---

[3]For the same reason, defendant also seeks dismissal of plaintiffs' Colorado state-law claim to the extent based on vehicle reimbursements.  Defendant has not offered any explanation or analysis of the applicable Colorado law, however, other than to note that the applicable Colorado statute and its regulations do not contain any provisions addressing reimbursements of job-related expenses.  In the absence of any argument by defendant concerning the application of FLSA standards to the Colorado statute, the Court denies defendant's motion on this issue as it relates to the Colorado state-law claim in Count II.  As set forth below, however, the Colorado claim is subject to dismissal for other pleading deficiencies, and therefore, ultimately, defendant's motions are granted with respect to Counts I and II in their entirety.

11

claims under *Twombly*.   In their amended complaint, plaintiffs have alleged that they were paid "approximately the applicable federal or state minimum wage;" that they incurred various vehicle and other job-related expenses (giving a number of examples of such expenses); that they were paid "a set amount for each delivery as a partial reimbursement for automobile expenses;" that such payment was insufficient to reimburse them for the vehicle expenses that they incurred; that they were not reimbursed at all for other expenses actually incurred; and that defendant's insufficient reimbursement of their expenses had the effect of depriving them of the legal minimum wage.   Plaintiffs argue that such facts give rise to a plausible claim.   Of course, defendant would not be in violation of the minimum wage laws merely by failing to reimburse plaintiffs for expenses; rather, such failure must be in an amount great enough to bring plaintiffs' wages for a particular time period below the legal minimums.   With respect to that requirement, plaintiffs have not pleaded any facts (such as the particular amounts suggested by defendant), but instead have alleged only conclusorily that the deficiency in reimbursements did bring their wages below the legal minimum. Accordingly, plaintiffs have not provided facts from which a plausible claim may be inferred.   *See Bailey v. Border Foods, Inc.*, 2009 WL 3248305, at *2 (D. Minn. Oct. 6, 2009) (dismissing similar minimum wage claims by Pizza Hut delivery drivers on this basis).

Plaintiffs' citation to this Court's opinion in *McDonald v. Kellogg Co.*, 2009 WL 1125830 (D. Kan. Apr. 27, 2009), is unavailing.   In *McDonald*, the Court rejected a

12

*Twombly* challenge even though the plaintiffs had simply alleged that the defendant had "violated the FLSA through its policy and practice of refusing to pay employees, including plaintiffs, the appropriate rate for hours worked in excess of forty hours per week." *See id.* at *2. The Court noted, however, that the case involved only "a straightforward FLSA claim for overtime compensation." *See id.*[4] The Court further noted that, under Tenth Circuit law, the degree of specificity needed in pleading depends on the type of case. *See id.* (quoting *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008)). The present case does not involve a straightforward claim under the FLSA for unpaid amounts; rather, under plaintiffs' theory, their seemingly-sufficient wage rates should be reduced by some amount below the minimum wage level because some amount of expenses were not sufficiently reimbursed. This case therefore demands a greater degree of specificity in pleading than *McDonald* did.[5]

Plaintiffs argue that their minimum-wage claims involve only simple math, in the sense that, because plaintiffs were paid right at the minimum wage level, any reduction because of insufficient expense reimbursements brought their wages below the statutory minimum—and therefore they have stated a plausible claim for a violation. The flaw in

---

[4]Moreover, none of the cases cited by this Court in support of its ruling in *McDonald* involved a claim based on insufficient expense reimbursements. *See McDonald*, 2009 WL 1125830, at *2 (citing cases).

[5]Plaintiffs also rely on *Simms v. Tumbleweed Pizza Partners*, No. 2:09-cv-168 (N.D. Tex.), another pizza-delivery-driver minimum-wage case, in which, according to plaintiffs, the court rejected a challenge to a similar complaint based on *Twombly* and *Bailey*. Plaintiffs failed to provide the Court with a copy of any such order, however.

13

this argument is that plaintiffs did not plead that they made only the minimum wage; rather, the allegedly were paid "approximately" the minimum wage, with no further information about how close to the minimum their pay rates actually were.  More importantly, plaintiffs alleged that they were paid approximately "the applicable federal or state minimum wage."  The only reasonable inference from that allegation is that plaintiffs were always paid at the state-law minimum, which in many cases will be higher than the federal minimum.  In fact, in their complaint, plaintiffs have stated the actual minimum rates under both federal and Colorado law for the last few years, and the Colorado rate has been consistently higher.  Thus, even if the fact of deductions from plaintiffs' usual pay rate could be assumed for purposes of applying the minimum wage law, one may not reasonably infer an FLSA violation, for instance, in light of the fact that plaintiffs may not have been compensated right at the federal minimum rate, but instead were paid at a higher, state-law-mandated minimum rate.  Because unreimbursed expenses would not necessarily equate with a violation under the facts as pleaded by plaintiffs, the amended complaint remains conclusory and speculative, and does not contain sufficient facts to state a plausible claim for a minimum-wage violation.

Finally, the Court rejects plaintiffs' argument that defendant should have sufficient notice of the claims against it because it already must have all of the information about the proper reimbursement of plaintiffs' expenses.  Plaintiffs have not explained how defendant would know plaintiffs' actual expenses for vehicle insurance or depreciation or maintenance, for example, in the absence of any allegation that

plaintiffs have submitted actual expense information to defendant.

Accordingly, Counts I and II of plaintiffs' amended complaint are subject to dismissal for failure to state a claim for minimum-wage violations under federal and Colorado law.  The Court grants plaintiffs leave, however, to amend file another amended complaint, on or before March 22, 2010, to attempt to cure this deficiency. Again, if plaintiffs fail to file a second amended complaint, these claims will be dismissed.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motions for judgment on the pleadings (Doc. ## 51, 69) on Counts I and II of plaintiffs' amended complaint are **granted**.  Plaintiffs are granted leave to file a second amended complaint, on or before **March 22, 2010**, to cure the pleading deficiencies noted herein.

IT IS SO ORDERED.

Dated this 2nd day of March, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge