IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY WASS and MARK SMITH, )
individually and on behalf of a class of )
others similarly situated, )
)
               Plaintiffs, )
)
v. ) Case No. 09-2254-JWL
)
NPC INTERNATIONAL, INC., )
)
               Defendant. )
)
_____)

## **MEMORANDUM AND ORDER**

Plaintiffs are or were pizza delivery drivers employed by defendant, who owns Pizza Hut restaurants in various states. Plaintiffs allege that defendant failed to reimburse them sufficiently for vehicle-related expenses, and that defendant therefore failed to pay them the applicable minimum wage under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs seek to bring a collective action under the FLSA on behalf of all similarly-situated drivers employed by defendant throughout the United States. Plaintiffs also assert class action claims, alleging violations of the minimum-wage laws of 13 different states, on behalf of drivers employed by defendant in those states.

On March 2, 2010, the Court dismissed plaintiffs' minimum-wage claims under the FLSA and Colorado law (Doc. # 92). The Court ruled that under the applicable

federal regulations, defendant may reasonably approximate drivers' vehicle expenses in reimbursing them, and that plaintiffs therefore had not stated a cognizable FLSA claim in alleging that defendant had failed to pay their actual expenses. The Court further concluded that plaintiffs did not plead sufficient facts in their first amended complaint to state a plausible claim for relief under the standards set forth by the Supreme Court in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The Court, however, granted plaintiffs leave to amend to cure their pleading deficiencies.

Plaintiffs did file a second amended complaint, by which they allege (individually and as a collective action) that defendant failed to estimate reasonably their vehicle-related expenses and that the resulting under-reimbursement was great enough to reduce their wages below the federal minimum, in violation of the FLSA. Based on the same theory, plaintiffs also assert state-law class action claims under the laws of 13 different states.[1]

This matter presently comes before the Court on defendant's motion to dismiss the second amended complaint for failure to satisfy the *Twombly* pleading standards (Doc. # 95). For the reasons set forth below, the motion is **granted in part and denied in part**. The motion is granted with respect to the individual claims by plaintiff Jeffrey Wass and to plaintiffs' collective and class action claims, and those claims are hereby

---

[1]In their second amended complaint, plaintiffs have abandoned previous claims based on defendant's alleged failure to reimburse certain non-vehicle-related expenses. Plaintiffs have also added claims under twelve states' laws, as plaintiffs asserted only Colorado state-law claims in their first amended complaint.

2

dismissed. The motion is denied with respect to plaintiff Mark Smith's individual claims under the FLSA and Colorado law, including his allegation of a willful violation, and those claims remain.

### I.     **Governing Standards**

In ruling on defendant's motion to dismiss, the Court applies the same standards under which it evaluated plaintiffs' previous complaint. The Court will dismiss a cause of action for failure to state a claim only when the factual allegations fail to "state a claim to relief that is plausible on its face," *Twombly*, 550 U.S. at 570, or when an issue of law is dispositive, *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The complaint need not contain detailed factual allegations, but a plaintiff's obligation to provide the grounds of entitlement to relief requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action will not do. *See Twombly*, 550 U.S. at 555. The Court must accept the facts alleged in the complaint as true, even if doubtful in fact, *see id.*, and view all reasonable inferences from those facts in favor of the plaintiff, *see Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006). Viewed as such, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II.    Individual Claims by Plaintiff Smith

Defendant argues in the present motion that plaintiffs' second amended complaint fails to satisfy the *Twombly* pleading standards in various respects.  Although defendant has moved to dismiss the complaint in its entirety, it offers no explanation as to why the complaint is deficient with respect to the individual claims asserted by named plaintiff Mark Smith.  Plaintiff Smith has provided specific figures (actual or estimated) for his wage rate, his reimbursement rate, and the frequency and distance of his deliveries.  The result is a gap between his actual expenses and his reimbursement by defendant that is sufficiently large to support the plausible inference that defendant failed to estimate reasonably his vehicle-related expenses and that such under-reimbursement reduced his wages below the federal minimum.  Accordingly, defendant's motion to dismiss is denied to the extent that it relates to Mr. Smith's individual claims.

## III.    Individual Claims by Plaintiff Wass

Defendant does challenge the sufficiency of the factual allegations supporting the individual claims asserted by plaintiff Jeffrey Wass.  With respect to those claims, plaintiffs have alleged as follows:  Mr. Wass was paid the federal minimum wage during the last five months of his employment with defendant; he was reimbursed in the approximate amount of $1.25 per delivery; his deliveries averaged approximately five miles each, yielding a reimbursement rate of approximately 25 cents per delivery; and although Mr. Wass did not document and does not know his actual vehicle expenses

4

incurred, his reimbursements did not cover all of his actual expenses.

The complaint also alleges that, if some of Mr. Smith's figures were used (35 cents per mile in expenses, 2.17 deliveries per hour), Mr. Wass would have suffered an under-reimbursement of at least $1.08 per hour. Plaintiffs have not alleged in any way, however, that Mr. Wass's experience was similar to that of Mr. Smith, or that there is any other basis to use those figures in evaluating Mr. Wass's claim. Accordingly, there are no factual allegations from which one could know or even guess at the amount of any under-reimbursement of Mr. Wass.

Mr. Wass has alleged, conclusorily, that despite not knowing his actual expenses, his reimbursements did not in fact cover all of his expenses. It is true that any "kick-back" in expenses to Mr. Wass would result in a violation, at least during the five months in which he was paid at the federal minimum wage rate. As explained by the Court in its previous order, however, the fact that defendant did not cover Mr. Wass's actual expenses does not result in kick-back, as defendant was required only to approximate reasonably Mr. Wass's expenses. *See* Memorandum and Order of Mar. 2, 2010 (Doc. # 92) at 3-11. In his allegations, Mr. Wass has not provided any indication of the amount or magnitude by which defendant failed to reimburse him for his actual expenses. Nor has Mr. Wass alleged any other facts (for instance, regarding his vehicle or his particular experience as a delivery driver) from which one could plausibly infer that defendant failed to approximate reasonably Mr. Wass's expenses in reimbursing him. Accordingly, Mr. Wass has not alleged sufficient facts to support a plausible claim against defendant

5

for a minimum-wage violation, and his individual claims are therefore dismissed.

### IV. **FLSA Collective Action Claim**

#### A. *Application of* Twombly *to Collective Action Claims*

Defendant next contends that plaintiffs have failed to plead sufficient facts to support a plausible claim for an FLSA collective action under 29 U.S.C. § 216(b) on behalf of employees similarly situated to the named plaintiffs. In response, plaintiffs first argue that the Court should not apply *Twombly* to the collective action claim, and that any consideration of that claim must await certification proceedings. The Court rejects plaintiff's argument and concludes that a *Twombly* review of the collective action allegations is required.

In support of their argument, plaintiffs have cited only a single case decided since *Twombly*. *See Tahir v. Avis Budget Group, Inc.*, 2009 WL 4911941 (D.N.J. Dec. 14, 2009). *Tahir*, however, does not support the proposition that no pleading inquiry should be conducted on collective action allegations. In that case, the court made a point of noting that the defendants there did *not* argue that the FLSA collective action claims were not plausible on the face of the complaint, but rather that they challenged the definition of the proposed class of similarly-situated employees. *See id.* at *8. The court then concluded that that challenge should await the certification procedure. *See id.* In this case, defendant contends that plaintiffs have not stated a plausible collective action claim; thus, under *Tahir*, a *Twombly* inquiry is not inappropriate.

6

In *Hodczak v. Latrobe Specialty Steel Co.*, 2009 WL 911311 (W.D. Pa. Mar. 31, 2009) (adopting magistrate judge's report and recommendation), the court rejected this same argument against a *Twombly* review of an FLSA collective action claim. *See id.* at *8-9. The court relied on class-action cases in ruling that plaintiffs must state a proper claim for relief under *Twombly* before they may proceed to the certification stage. *See id.* at *9. Similarly, in *Nicholson v. UTi Worldwide, Inc.*, 2010 WL 551551 (S.D. Ill. Feb. 12, 2010), the court recognized this distinction, as it first addressed the sufficiency of the pleading of the collective and class action claims and then noted that the question of similarly-situated employees would be addressed at the certification stage. *See id.* at *6; *see also Jones v. Casey's General Stores*, 538 F. Supp. 2d 1094, 1102-03 (S.D. Iowa 2008) (rejecting FLSA collective action claim as insufficient under *Twombly*); *Zhong v. August August Corp.*, 498 F. Supp. 2d 625, 628, 631 (S.D.N.Y. 2007) (to support an FLSA collective action claim, "the complaint should . . . allege facts that would entitle [plaintiffs] to relief;" court concluded that plaintiffs did not properly allege a collective action claim because complaint did not contain any factual basis from which the court could determine whether any similarly-situated employees even existed).

The Court agrees with the courts in these cases that a *Twombly* pleading review is required for an FLSA collective action claim. Any arguments about the proper definition for the collective action class can await the certification process. Initial certification requires only "substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Thiessen v. General Elec.*

7

*Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 2001) (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). In the present case, plaintiff have indeed alleged a common policy by which defendant determined reimbursements for delivery drivers. *Twombly* requires that plaintiffs first allege sufficient facts to support a viable, plausible claim for relief, however, before the certification stage is reached. In this case, then, plaintiffs were required to allege facts sufficient to show plausibly that defendant's policy resulted in a violation of the FLSA's minimum-wage provisions.

### B. *Application of* Twombly *in this Case*

Defendant argues that plaintiffs' collective action allegations are deficient in two ways. First, defendant argues that plaintiffs collectively have not sufficiently alleged their actual expenses and the amount of their alleged under-reimbursements, nor have they alleged that any other employee's experience mirrored that of Mr. Smith. The Court rejects this argument. Reading in the light most favorable to plaintiffs, the second amended complaint alleges that defendant reimbursed drivers at a rate of 30 cents per mile at the most; that average actual costs and reasonable reimbursements for drivers generally have been determined to fall within a range of 45 to 55 cents per mile; and that defendant's delivery drivers generally experience higher actual costs than the average driver. That gap in rates is sufficiently great to state a plausible claim that defendant followed a policy that did not reasonably approximate its drivers' vehicle-related expenses. Accordingly, plaintiffs did not merely allege conclusorily that defendant failed to approximate reasonably their expenses, but rather they provided factual support

8

that is sufficient to satisfy the *Twombly* standard.

The Court does agree with defendant, however, that plaintiffs' second amended complaint is deficient in failing to allege the wage rates of any of defendant's drivers (other than the representative plaintiffs Smith and Wass), including the plaintiffs named in the complaint who have already opted into the suit. Simply put, because there is no information about how much any drivers were paid, there is no basis for the inference that any under-reimbursement brought a driver's pay below the federal minimum wage. In their opposition brief, plaintiffs note that the alleged figures result in an under-reimbursement of up to three dollars per hour, and they argue that no driver was paid three dollars more than the minimum wage, but their complaint contains no such allegation about the drivers' wage rates.[2]

Plaintiffs argue that they should not be required, every time a new plaintiff opts in, to plead all of the relevant figures for that plaintiff. The Court is not necessarily requiring such specificity, however. Plaintiffs might have an argument had they alleged that many or most or all of the drivers were paid at or within some proximity to the

---

[2]Perhaps recognizing this failure, plaintiffs cite this Court's previous statement that one could reasonably infer that plaintiffs were always paid at the state-law minimum, *see* Memorandum and Order of Mar. 2, 2010 (Doc. # 92) at 14, but that statement was based on the allegation in plaintiffs' first amended complaint that plaintiffs were paid approximately the applicable federal or state minimum wage, *see id.* Plaintiffs' second amended complaint contains no such allegation about the drivers' pay rates.

9

applicable federal or state minimum wage, but plaintiffs instead have omitted any reference to the drivers' wage rates. Accordingly, there is simply no factual basis to support a plausible claim that any driver other than plaintiff Smith suffered a minimum-wage violation, such that a collective FLSA action might be maintained. The Court therefore dismisses plaintiffs' collective action claim.

### V. State-Law Class Action Claims

In their second amended complaint, plaintiffs also assert class action claims for violations of the minimum-wage laws of 13 different states with higher minimum wage rates than the federal minimum. Plaintiffs base those claims on the same theory asserted for the FLSA, in order to recover as additional damages the amounts by which their wages (after deduction for under-reimbursement of vehicle expenses) also fall below the state minimums. For the same reason stated above with respect to the FLSA collective action claim, however, plaintiffs' allegations do not satisfy *Twombly* with respect to their class action claims. *See, e.g.*, *Hodczak*, 2009 WL 911311, *8-9 (citing class-action cases in concluding that *Twombly* review is appropriate for FLSA collective action claim); *Nicholson*, 2010 WL 551551, at *6 (reviewing sufficiency of pleading with respect to both FLSA collective action claim and state-law class action claim). Specifically, plaintiffs have not alleged any facts regarding other drivers' wage rates; thus, there is no basis to infer plausibly that any under-reimbursements resulted in any drivers' wages falling below the applicable state minimums. Accordingly, the Court

dismisses plaintiffs' state-law class action claims.[3]

### VI. <u>Wilfullness Claim</u>

Finally, defendant challenges the sufficiency of plaintiffs' claim of a willful violation by defendant.[4] The Court rejects plaintiffs' suggestion that, under Fed. R. Civ. P. 9(b), which allows "conditions of a person's mind" to be alleged "generally", they may simply assert that defendant acted wilfully. In *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), in which the Supreme Court reaffirmed the standards set forth in *Twombly*, the Court rejected this same argument, ruling that Rule 9(b)'s use of "generally" is relative, that the rule merely relieves a plaintiff of pleading that element under a heightened standard, and that the rule does not allow a plaintiff to skirt the Rule 8 standards set forth by the Court in *Twombly*. *See id.* at 1954; *see also Colson v. Avnet, Inc.*, 687 F. Supp. 2d 914, 921 (D. Ariz. 2010) (citing *Iqbal* in rejecting this same argument by an FLSA

---

[3]Among the state-law claims asserted in the second amended complaint, only plaintiff Smith's individual claim under Colorado law remains. In light of this ruling, the Court need not address defendant's objection to plaintiffs' adding claims under the laws of twelve new states in the second amended complaint.

[4]A willful violation extends the FLSA statute of limitations from two to three years. *See* 29 U.S.C. § 255(a). In light of the Court's dismissal of the collective action claim and the fact that plaintiff Smith first worked for defendant in January 2009, it is not clear how relevant plaintiffs' willfulness allegation remains. Nevertheless, the Court addresses defendant's challenge to the allegation as it relates to the remaining FLSA claim brought by Mr. Smith.

11

plaintiff).[5]

Nevertheless, the Court concludes that plaintiffs have sufficiently alleged a willful violation by defendant. *See Reich v. Monfort, Inc.*, 144 F.3d 1329, 1334 (10th Cir. 1998) ("The standard for willful violations is whether the employer 'knew or showed reckless disregard for the matter of whether its conduct was prohibited by the [FLSA].'") (quoting *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988) (alteration by Tenth Circuit)). Plaintiffs have alleged facts from which one could plausibly infer a significant gap between the per-mile reimbursement rate paid to Mr. Smith and rates deemed reasonable by others, and defendant would have had access to information concerning Mr. Smith's wage rate and the number and distance of his deliveries. In light of that information and the fact that defendant did not attempt to determine Mr. Smith's actual expenses, one could plausible infer a willful violation by defendant. Accordingly, defendant's motion to dismiss is denied with respect to plaintiff Smith's willfulness claim.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to dismiss plaintiffs' second amended complaint (Doc. # 95) is **granted in part and denied in part**. The motion is granted with respect to the individual claims by plaintiff

---

[5]The Court is not persuaded by plaintiffs' unsupported statement that *Colson* represents the minority view. *Colson* relied on the Supreme Court's reasoning in *Iqbal*, which this Court is bound to follow. The contrary cases cited by plaintiffs did not discuss this relevant language from *Iqbal*.

Jeffrey Wass and to plaintiffs' collective and class action claims, and those claims are hereby dismissed. The motion is denied with respect to plaintiff Mark Smith's individual claims under the FLSA and Colorado law, including his allegation of a willful violation.

IT IS SO ORDERED.

Dated this 24th day of June, 2010, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge