IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY WASS and MARK SMITH, )
individually and on behalf of a class of )
others similarly situated, )
)
            Plaintiffs, )
)
v. )   Case No. 09-2254-JWL
)
NPC INTERNATIONAL, INC., )
)
            Defendant. )
)
_____)

**MEMORANDUM AND ORDER**

Plaintiffs are or were pizza delivery drivers employed by defendant, who owns Pizza Hut restaurants in 28 states. Plaintiffs allege that defendant failed to reimburse them sufficiently for vehicle-related expenses, and that defendant therefore failed to pay them the applicable minimum wage under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs seek to bring a collective action under the FLSA on behalf of all similarly-situated drivers employed by defendant throughout the United States. Plaintiffs also assert class action claims, alleging violations of the minimum-wage laws of 13 different states, on behalf of drivers employed by defendant in those states. On June 24, 2010, the Court dismissed the claims by plaintiff Jeffrey Wass and plaintiffs' collective action and class action claims alleged in the second amended complaint, leaving only the individual claims by plaintiff Mark Smith.

This matter now comes before the Court on plaintiffs' motion for leave to file a third amended complaint (Doc. #106), by which plaintiffs could attempt to cure the pleading deficiencies cited by the Court in dismissing Mr. Wass's claims and plaintiffs' collective and class claims. The Court exercises its discretion to allow plaintiffs one final opportunity to state plausible claims under the applicable pleading standards. Accordingly, the Court **grants** plaintiffs' motion for leave to amend, and plaintiffs' are ordered to file their third amended complaint on or before **September 10, 2010**.[1]

### I. Procedural History

Plaintiff Wass filed the original complaint in this action on May 12, 2009, in which he based his federal FLSA claims on defendant's alleged failure to reimburse the actual vehicle-related and other expenses incurred by him and other drivers. Defendant moved to dismiss, on the grounds that Mr. Wass had failed to allege defendant's knowledge of its under-reimbursement of drivers and that the applicable regulations permit it to approximate reasonably its drivers' expenses. While that motion was pending, Mr. Wass amended his complaint as a matter of right pursuant to Fed. R. Civ. P. 15(a). In the first amended complaint, filed July 2, 2009, plaintiffs Wass and Smith cured the first claimed pleading deficiency by alleging defendant's knowledge, but they still based the minimum-wage claims on the alleged failure to reimburse the drivers'

---

[1] In light of this ruling, the Court need not consider plaintiffs' alternative request for certification of the Court's prior order for interlocutory appeal.

actual expenses. Plaintiffs also added individual and class action claims under Colorado law.

Defendant moved for judgment on the pleadings with respect to plaintiffs' FLSA count and one count under Colorado law, and by Memorandum and Order dated March 2, 2010, the Court granted the motion. The Court agreed that under the applicable federal regulations, defendant may reasonably approximate drivers' vehicle expenses in reimbursing them, and that plaintiffs therefore had not stated a cognizable FLSA claim in alleging that defendant had failed to pay their actual expenses. The Court further concluded that plaintiffs did not plead sufficient facts in their first amended complaint to state a plausible claim for relief under the standards set forth in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). The Court ruled that plaintiffs' claims of minimum-wage violations resulting from under-reimbursement of expenses required a greater degree of specificity in pleading than might be necessary in a straightforward FLSA case seeking unpaid amounts. The Court concluded that plaintiffs had not satisfied *Twombly* because they had only conclusorily alleged that defendant's under-reimbursement had brought the drivers' wages below the applicable federal minimum wage. The Court, however, granted plaintiffs leave to amend to cure their pleading deficiencies.

Plaintiffs filed a second amended complaint, by which they alleged (individually and as a collective action) that defendant failed to estimate reasonably their vehicle-related expenses and that the resulting under-reimbursement was great enough to reduce their wages below the federal minimum, in violation of the FLSA. Based on the same

3

theory, plaintiffs also asserted state-law class action claims under the laws of Colorado and 12 additional states. Plaintiffs abandoned previous claims based on defendant's alleged failure to reimburse certain non-vehicle-related expenses.

Defendant moved to dismiss the entire action, and by Memorandum and Order dated June 24, 2010, the Court granted the motion in part and denied it in part. The Court denied the motion with respect to Mr. Smith's individual claims and with respect to the sufficiency of plaintiff's allegation of willfulness, but it dismissed Mr. Wass's claims and plaintiff's collective and class action claims. With respect to Mr. Wass's claims, the Court concluded that he had failed to allege sufficient facts to show the amount or magnitude of his alleged under-reimbursement by defendant, and he therefore failed to state a plausible claim that defendant had failed to approximate reasonably his vehicle expenses.

With respect to the collective and class claims involving defendant's drivers generally, the Court first rejected defendant's argument that plaintiff had failed to allege the amount of their actual expenses or the amount of their actual under-reimbursements. Citing plaintiffs' allegations that drivers received 30 cents per mile at most, that studies have shown that drivers generally incur costs at a rate of 45 to 55 cents per mile, and that defendant's drivers incurred more expenses than drivers generally, the Court concluded that plaintiffs had alleged sufficient facts showing a reimbursement gap significant enough to support a plausible claim that defendant failed to approximate reasonably its drivers' expenses. Nevertheless, the Court held that because plaintiffs had not alleged

4

any facts relating to the wage rates of the drivers, there was no basis from which to infer that any under-reimbursement brought the drivers' wages below the federal or state minimums. Accordingly, the Court dismissed plaintiffs' collective and class action claims.

Plaintiffs now seek leave to file a third amended complaint, by which they have attempted to cure yet again the pleading deficiencies under *Twombly* cited by the Court. In their proposed complaint, plaintiffs have again asserted individual and collective action claims under the FLSA and class action claims under the laws of 13 different states, based on the theory that defendant failed to approximate reasonably their vehicle-related expenses, thereby lowering their wages below the federal and state minimums.

**II.     Standards for Motion for Leave to Amend**

If a party may not still amend its pleading as a matter of course, it may amend only with consent of the opposing party or the court's leave, and "[t]he court should freely give leave when justice so requires." *See* Fed. R. Civ. P. 15(a). A district court, however, may dismiss a complaint without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend its complaint. *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006). Moreover, in determining whether to grant leave to amend, the court may consider such factors as undue delay on the part of the plaintiff in raising the claim, *see Smith v. Aztec Well Serv. Co.*, 462 F.3d 1274, 1285 (10th Cir. 2006), bad faith on the part of the moving party, and any undue prejudice

to the opposing party by virtue of allowance of the amendment, *see Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). Ultimately, whether to grant leave to amend a complaint is within the discretion of the district court. *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir. 2006).

**III.   Analysis**

   *A.   Futility of Amendment*

Defendant argues that the Court should deny plaintiffs leave to amend because such amendment would be futile, in that the proposed third amended complaint still fails to satisfy the *Twombly* standards. The Court rejects this argument and concludes that the proposed third amended complaint does state plausible claims by Mr. Wass and plausible collective and class action claims on behalf of other drivers.

Plaintiffs have now alleged that Mr. Wass was paid the federal minimum wage of $5.85 per hour; that defendant reimbursed him at no more than $1.00 per delivery; that he drove approximately five miles per delivery; and that his expenses and delivery rate were similar to those of plaintiff Smith (35 cents per mile in expenses, 2.17 deliveries per hour). Those figures yield an under-reimbursement of approximately $1.62 per hour. Moreover, using the figures alleged for drivers generally—expenses of at least 45 cents per mile, reimbursements of no more than 30 cents per mile—yields the same $1.62 per hour under-reimbursement. That gap is sufficiently large to permit a plausible inference that defendant did not reasonably approximate Mr. Wass's expenses in reimbursing him. Because Mr. Wass was paid the federal minimum wage, such an under-reimbursement

6

supports a claim for a minimum-wage violation.

With respect to the collective and class action claims, the Court held in its prior order that plaintiffs had alleged sufficient facts to show that defendant did not reasonably approximate expenses for drivers generally. Plaintiffs have again alleged that, according to studies, drivers generally incur expenses and are reimbursed at a rate of 45 to 55 cents per mile; that defendant's drivers were reimbursed at a maximum rate of 30 cents per mile; and that defendant's drivers, by the nature of their deliveries, tend to incur greater expenses than the average driver. This gap of at least 15 cents per mile is sufficient to support a plausible allegation of under-reimbursement by defendant of its drivers generally. When applied to an average delivery distance of five miles and an average delivery rate of two per hour, as alleged by plaintiffs, the 15-cent gap yields an under-reimbursement of at least $1.50 per hour.

Plaintiffs have also alleged that Mr. Smith's figures represent conservative estimates for defendant's drivers as a whole, as the drivers' experiences were similar to that of Mr. Smith. Using Mr. Smith's reimbursement rate and expenses yields an under-reimbursement of at least $1.80 per hour.

Defendant argues that such facts—and the allegation that drivers are similarly situated to plaintiff Smith with respect to expenses and reimbursement rates—are implausible in light of plaintiffs' concessions that drivers generally do not track or know their actual expenses and that reimbursement rates vary by geography (as shown by the range of reimbursement rates alleged for 24 opt-in plaintiffs). The Court does not agree

7

that plaintiffs cannot state a plausible claim in light of those concessions. In its last order, the Court rejected defendant's argument that plaintiffs could not plead a collective claim without pleading drivers' actual expenses. *See* Memorandum and Order of June 24, 2010, at 8-9; *see also Robinson v. Food Service of Belton, Inc.*, 415 F. Supp. 2d 1232, 1235 (D. Kan. 2005) (Lungstrum, J.) (FLSA plaintiffs could rely on estimates instead of actual figures if evidence allowed such a reasonable inference) (citing *Anderson v. Mount Clemens Pottery Co.*, 328 U.S. 680 (1946)). It is not implausible to suggest that drivers may be able to estimate their expenses without knowing their actual expenses incurred. Moreover, plaintiffs have pleaded specific facts supporting the allegations that defendant's drivers incur greater expenses than drivers in general and that Mr. Smith's documented expenses represent a conservative estimate for other drivers. Thus, plaintiffs have gone beyond stating mere conclusions in supporting their claim of under-reimbursement. Plaintiffs have also alleged that, despite differences in reimbursement rates by location, the under-reimbursement gap is consistent across the country, as one may reasonably infer that reimbursements are higher in areas where expenses are thought to be higher. The Court also does not consider implausible the allegation that drivers generally averaged five miles per delivery and at least two deliveries per hour, as plaintiff Smith did.

Thus, plaintiffs have alleged specific facts supporting a plausible allegation of a reimbursement gap sufficiently large to support a claim that defendant did not reasonably approximate its drivers' expenses. The issue then becomes whether such a gap plausibly

supports the allegation that drivers' wages therefore fell below the federal minimum wage. As noted above, the Court dismissed the collective and class claims in the second amended complaint because plaintiffs did not allege any facts concerning their wage rates from which a minimum-wage violation could be inferred.

Plaintiffs have now alleged that defendant's drivers were paid "at or very near" the applicable federal or state minimum wage. Defendant argues that that allegation is too vague and conclusory to support a plausible claim for a violation, and it points to the range of wage rates alleged for the opt-in plaintiffs. The Court concludes, however, that the reimbursement gap of at least $1.50 per hour is sufficiently large to support a plausible claim that the under-reimbursements brought the drivers' pay below the federal minimum wage. Moreover, plaintiffs have alleged that none of the opt-ins was paid more than $1.10 over the federal minimum.

Defendant correctly notes that a gap of $1.50 per hour would not support a plausible claim in Washington or Oregon, whose own state-law minimum wage rates exceeded the federal rate by more than $2.00 per hour at various times in the last three years.[2] A review of the applicable state minimum wage rates also reveals that the states of Illinois, Iowa, Delaware, and Colorado imposed minimums that exceeded the federal minimum for the first half of 2008 by $1.65, $1.40, $1.30, and $1.17 per hour,

---

[2]Plaintiffs have alleged that no applicable state minimum exceeded the federal minimum by more than $2.10 per hour. Plaintiffs represent that, if they are given leave to amend, they will correct that allegation to state that no state minimum exceeded the federal minimum by more that $2.22 during the relevant time period.

9

respectively.³ Nevertheless, it is clear that plaintiffs have stated a plausible claim for an FLSA violation, pursuant to a uniform policy by defendant, for some group of employees. There are also drivers in the proposed class pleaded by plaintiffs for whom a plausible claim has *not* been stated—for example, those drivers employed in Washington or Oregon during certain periods of time. As the Court noted in its previous order, however, such issues concerning the proper definition of the class may be reserved for the collective and class action certification proceedings. *See* Memorandum and Order of June 24, 2010, at 7. At that time, the parties may discuss whether the class should include drivers in particular states or drivers who were paid certain wages. Defendant has provided no authority, however, to suggest that plaintiffs' collective action should fail in its entirety if a plausible claim is not stated for every potential member of the class as defined in the complaint.

For these reasons, the Court concludes that plaintiffs have stated plausible claims, in accordance with *Twombly*, for Mr. Wass and for the collective and class actions asserted in the proposed third amended complaint. Accordingly, the Court will not deny leave to amend on the ground of futility of amendment.

### B. *Other Considerations*

Defendant also opposes plaintiff's amendment on grounds of prejudice.

---

³The other seven states under which plaintiffs assert state-law class-action claims did not impose minimums in the last three years that exceeded the federal minimum by $1.00 per hour or more. In the remaining 15 states with drivers whom plaintiffs seek to include in the collective action, the state minimum did not exceed the federal minimum.

> Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment. Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues.

*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1208 (10th Cir. 2006) (citations and internal quotations omitted). Although defendant argues that it has incurred expenses in having to defend during the time of plaintiffs' multiple amendments, it has not shown the kind of prejudice that the Tenth Circuit has recognized as a factor under Rule 15(a). Therefore, the Court will not deny plaintiffs leave on this basis.

The Court also rejects defendant's argument that leave should be denied because of plaintiffs' bad faith. As explained above, the Court does not believe that plaintiffs' amended allegations are precluded by their previous allegations and the testimony of some drivers that they cannot determine their actual expenses incurred. The Court agrees that plaintiffs have not shown that they recently learned facts that could not have been alleged in previous complaints, but it does not agree that such failure demonstrates bad faith by plaintiffs. Similarly, the Court declines to deny plaintiffs leave on the basis of undue delay. Plaintiffs did not delay in seeking to amend after the Court's last order, and they did amend once without awaiting a ruling on defendant's motion to dismiss. The fact that plaintiffs awaited rulings on defendant's other dismissal motions is not enough, in the Court's view, to warrant denial of plaintiffs' motion for leave to amend in this instance. The Court does not agree that plaintiffs have engaged in some sort of insidious gamesmanship or strategically withheld facts that would have allowed for a

11

cognizable claim earlier in the litigation.

In support of their motion for leave to amend, plaintiffs emphasize that their prior pleading deficiencies may be and have been cured, in particular by the reinsertion of a prior allegation about the drivers' wage rates. Plaintiffs urge the Court to allow the merits of the action to be litigated. The Court does *not* agree with plaintiffs' insistence that the Court erred in its prior order, that the Court applied an improperly high pleading standard, or that the Court's standard was so unforeseeable or debatable as to justify plaintiffs' failure to meet it. The Court also notes that plaintiffs failed to cure some deficiencies under *Twombly* when given the chance to cure in their second amended complaint, and it believes that plaintiffs should not be given unlimited opportunities in which to plead their claims correctly.

Nevertheless, the Court recognizes the liberal amendment standard imposed by Rule 15(a), and it believes that plaintiffs should be permitted one final chance to plead their claims, by means of the proposed third amended complaint, so that the fate of those claims may be determined on the merits. Accordingly, the Court grants plaintiffs' motion for leave to amend. Plaintiffs shall file their third amended complaint on or before September 10, 2010.

IT IS THEREFORE ORDERED BY THE COURT THAT plaintiffs' motion for leave to amend (Doc. # 106) is **granted**. Plaintiffs shall file their third amended complaint on or before **September 10, 2010**.

IT IS SO ORDERED.

Dated this 1st day of September, 2010, in Kansas City, Kansas.

                                          s/ John W. Lungstrum
                                          John W. Lungstrum
                                          United States District Judge