IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JEFFREY WASS and MARK SMITH, )
individually and on behalf of a class of )
others similarly situated, )
 )
              Plaintiffs, )
 )
v. ) Case No. 09-2254-JWL
 )
NPC INTERNATIONAL, INC., )
 )
             Defendant. )
 )
_____)

**MEMORANDUM AND ORDER**

Plaintiffs Jeffrey Wass and Mark Smith are or were pizza delivery drivers employed by defendant, who owns Pizza Hut restaurants in 28 states. By their third amended complaint, plaintiffs allege that defendant failed to reimburse them sufficiently for vehicle-related expenses, and that defendant therefore failed to pay them the applicable minimum wage under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiffs seek to bring a collective action under the FLSA on behalf of all similarly-situated drivers employed by defendant throughout the United States. Plaintiff Smith also alleges violations of the minimum-wage laws of 13 different states on behalf of classes of drivers employed by defendant in those states.

This matter now comes before the Court on defendant's motion for summary judgment on the individual FLSA claim by plaintiff Wass (Doc. # 114). In support of

its motion, defendant cites Mr. Wass's deposition, in which he conceded that he did not keep records or know the amounts of vehicle-related expenses that he incurred as a driver for defendant, or even how many runs or miles he averaged on the job. Defendant thus argues that Mr. Wass cannot show his actual expenses incurred and therefore cannot show that defendant failed to approximate reasonably his expenses (thereby lowering Mr. Wass's effective wage below the federal minimum).

In response, Mr. Wass has not presented evidence of his actual or estimated expenses. Rather, Mr. Wass treats defendant's motion as raising only the single legal issue of whether Mr. Wass or the plaintiff class must prove actual expenses or whether plaintiffs may instead estimate those expenses in establishing a minimum-wage violation. Mr. Wass contends that the Court has rejected defendant's actual-expense arguments in its rulings concerning the sufficiency of the pleadings, and that therefore defendant's basis for summary judgment fails. Mr. Wass disputes that his claim becomes impermissibly speculative if he has no knowledge of his actual expenses, and he argues that plaintiffs' claims will be proved by driver testimony, defendant's records, and expert opinions.

As Mr. Wass notes, in its prior orders the Court rejected defendant's arguments that Mr. Wass and collective action plaintiffs could not state plausible claims without knowing or alleging actual expense amounts. In concluding that Mr. Wass's latest pleading was sufficient, the Court stated as follows:

> Plaintiffs have now alleged that Mr. Wass was paid the federal

2

> minimum wage of $5.85 per hour; that defendant reimbursed him at no more than $1.00 per delivery; that he drove approximately five miles per delivery; and that his expenses and delivery rate were similar to those of plaintiff Smith (35 cents per mile in expenses, 2.17 deliveries per hour). Those figures yield an under-reimbursement of approximately $1.62 per hour. Moreover, using the figures alleged for drivers generally—expenses of at least 45 cents per mile, reimbursements of no more than 30 cents per mile—yields the same $1.62 per hour under-reimbursement. That gap is sufficiently large to permit a plausible inference that defendant did not reasonably approximate Mr. Wass's expenses in reimbursing him. Because Mr. Wass was paid the federal minimum wage, such an under-reimbursement supports a claim for a minimum-wage violation.

Memorandum and Order of Sept. 1, 2010, at 6-7 (Doc. # 109). It is true that, in seeking summary judgment, defendant has again argued that because Mr. Wass cannot show his actual expenses, he cannot prevail on his minimum-wage claim. In a more general sense, however, defendant has attempted to show an absence of expense evidence supporting Mr. Wass's claim, thereby imposing on Mr. Wass the obligation to provide such evidence in opposition to summary judgment. Certainly, defendant is entitled to test the factual basis for Mr. Wass's allegations—whether Mr. Wass can produce admissible evidence of his reimbursement amounts, delivery distances and rates, and expenses—by means of a motion for summary judgment.

Mr. Wass has not met that obligation in his brief in opposition to summary judgment. Although he argues that such figures as his expenses and his mileage may be estimated, he has not provided any such evidence. Moreover, although Mr. Wass suggests that certain information may be found in defendant's records, he has not provided an affidavit, in accordance with Fed. R. Civ. P. 56(d), showing "that, for

3

specified reasons, [he] cannot present facts essential to justify [his] opposition" to summary judgment. Thus, Mr. Wass has not met his burden to show that summary judgment should not be entered at this time.

Nevertheless, the Court concludes in its discretion that Mr. Wass should be given the opportunity to address properly defendant's argument that he cannot show a genuine dispute of material fact concerning his expenses. *See* Fed. R. Civ. P. 56(e) (if a party fails to address properly another party's assertion of fact, the court may give an opportunity to do so). Thus, the Court will allow Mr. Wass to submit sufficient evidence or a proper affidavit under Rule 56(d) or both to try to avoid summary judgment. Accordingly, Mr. Wass is granted leave to file by **January 7, 2010**, a supplement to his summary judgment opposition. Defendant may then submit a supplemental reply within 14 days after Mr. Wass has filed his supplemental response.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion for summary judgment on plaintiff Jeffrey Wass's individual claim (Doc. # 114) is retained under advisement. Mr. Wass is granted leave to file by **January 7, 2010**, a supplement to his summary judgment opposition. Defendant may then submit a supplemental reply within 14 days after Mr. Wass has filed his supplemental response.

IT IS SO ORDERED.

Dated this 14th day of December, 2010, in Kansas City, Kansas.

                                                  s/ John W. Lungstrum  
                                                  John W. Lungstrum  
                                                  United States District Judge